LILLIAN BENEDETTO ET AL., RESPONDENTS, v. EDWARD F. FLECKENSTEIN ET AL., APPELLANTS.

Decided July 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the appellants, *M. Casewell Heine.*

For the respondents, *Julius A. Kepsel.*

PER CURIAM.

This suit was brought to recover compensation for injuries received by Lillian Benedetto, an infant, in a collision between the car in which she was riding and an automobile belonging to the defendants. Her father also joined in the suit to recover compensation for the expenses to which he was put by reason of the child's injuries. The suit was brought in 1927. No answer was filed by the defendants, and in June, 1929, an interlocutory judgment by default was entered. Damages were assessed by a jury drawn from the general panel, and judgment final was entered upon the jury's award. In September of that year an application was made by the defendants for a rule to show cause why the judgment should not be set aside and the defendants allowed to file an answer. The hearing of the rule resulted in its discharge, and the defendants thereupon appealed from the

judgment, the only ground upon which the appeal is based being that the refusal of the trial judge to open the judgment and grant the defendants a trial on the merits, was an abuse of judicial discretion.

The general rule relating to a situation like the present, is stated by the Court of Errors and Appeals in *Assets Development Co.* v. *Wall,* 97 *N. J. L.* 470, viz., that an application to open a judgment regularly entered is addressed wholly to the discretion of the court in which it was rendered, and that, consequently, a writ of error will not lie to review the determination of that court. Assuming that this doctrine does not apply where it is manifest that the discretion of the court has been abused, we find nothing in the present case which is even suggestive of the existence of such a condition.

We conclude, therefore, that the judgment under review should be affirmed.